ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 17 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <u>EX REL</u>, **JOOHYUN CHO,**<br><br>    **Plaintiff/Relator,**<br><br>**vs.**<br><br>**KUMHO TIRE U.S.A., INC.,**<br>**KUMHO INDUSTRIAL CO., LTD.,**<br>**KUMHO TIRE GEORGIA, INC.,**<br>**HYUN SUNG, INC,**<br>**HYUNSUNG INDUSTRY, and**<br>**SUNGWON GEORGIA CORPORATION,**<br>    **Defendants.** | ) **CIVIL ACTION**<br>) **FILE NO.**_____<br>**1:16-CV-1577**<br>)<br>)   <u>**FILED UNDER SEAL**</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) **Jury Trial Demanded**<br>) |

## COMPLAINT

### Nature of Action

1.

This is a civil action to recover damages knowingly caused by the

Defendants, KUMHO TIRE U.S.A., INC., KUMHO INDUSTRIAL CO., LTD.,

and KUMHO TIRE GEORGIA, INC., through their systemic visa fraud and abuse

of the immigration process.

### Jurisdiction and Venue

2.

The Court has jurisdiction and venue over this action pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1345, because this action was brought by the United States and the headquarter of Defendant KUMHO TIRE U.S.A., INC. is located in the Northern District of Georgia.

## Parties

### 3.

The United States of America is the Plaintiff.

### 4.

Defendant KUMHO TIRE U.S.A., INC. is a foreign profit corporation. Its Principal Office Address is 133 Peachtree St. NE, Suite 2800, Atlanta, Georgia 30303. Its Registered agent is Teresa Lam, and she can be served at 133 Peachtree St. NE, Suite 2800, Atlanta, Georgia 30303.

### 5.

Defendant KUMHO INDUSTRIAL CO., LTD. is a foreign profit corporation. Its Principal Office Address is 3051 Kumho Pkway, Macon, Georgia 31216. Its Registered agent is Wesley Yun, and he can be served at 3700 Crestwook Pkway, Suite 380, Duluth, Georgia 30096.

### 6.

Defendant KUMHO TIRE GEORGIA, INC. is a domestic profit corporation. Its Principal Office Address is 1230 Peachtree St., Suite 3100, Atlanta, Georgia 30309. Its Registered agent is Benjamin J. Brooks and Yun, and he can be served at 1230 Peachtree St., Suite 3100, Atlanta, Georgia 30309.

7.

Based on information and belief, Defendant Kumho Tire Georgia, Inc. and Kumho Industrial Co., LTD. are affiliates of Defendant Kumho Tire U.S.A., Inc.

8.

Defendant Kumho Tire Georgia, Inc. uses the same logo that Kumho Tire US.A. Inc. uses on its letterhead.

9.

Defendants Kumho Tire Georgia, Inc., Kumho Industrial Co., LTD., and Kumho Tire U.S.A., Inc. are hereinafter collectively referred to as "Kumho Tire."

10.

The corporate information for Defendant Hyun Sung, Inc. is not available at this time. Upon information and belief, Defendant Hyun Sung, Inc. is a domestic profit entity.

11.

The Defendant Hyunsung Industry, is a foreign corporation. Its Principal

Office address is 837-104 Seobu-Ro, Hungduk-Gu, Cheongju-Si, Choongbuk,

Korea.

12.

Defendant Sungwon Georgia Corporation is a domestic profit corporation.

Its Principal Office Address is 107 Corporate Park East Drive, LaGrange, Georgia

30241. Its Registered agent is Hyeong Hee Bae, she or he can be served at 107

Corporate Park East Drive, LaGrange, Georgia 30241.

13.

Relator Joo Hyun Cho is a former employee of one of Kumho Tire's

affiliates. He is the original source of the pertinent information involved in this

action.

## General Allegations

14.

According to the Defendant Kumho Tire's press release on February 4,

2016, Kumho Tire was "*founded in 1960 . . . has more than 50 years of history*

*steeped in innovation in management, technical development and environmental*

*awareness that has positioned the Company as one of the world's top 10 tire*

*manufacturers. Distributed in 160 countries, Kumho Tire is dedicated to providing*

*a top quality driving experience to consumers throughout the world.*"

15.

In 2014, Kumho Tire became the first Official Tire Partner of the National

Basketball League.



16.

Kumho Tire is constructing a 1-million-square-foot facility in Macon,

Georgia, which is located at 3051 Kumho Parkway, Macon, Georgia 31216.

("Macon Plant"). Kumho Tire's Macon plant is expected to produce 4 million tires

a year for Chrysler, Kia, and Hyundai. The Macon plant is a $424 million facility,

and it will feature an automated system that builds a tire every 36 seconds.

17.

Based on information and belief, Sungwon Georgia Corporation ("Sungwon") is one of Kumho Tire's affiliate companies, and Sungwon participated in the Macon Plant construction project.

18.

Sungwon hired various subcontractors while participating in Kumho Tire's Macon Plant construction, and one of Sungwon's subcontractors is a company known as Hyun Sung, Inc, ("Hyun Sung") which is a company based in Korea.

19.

The Relator Joohyun Cho ("Cho") was first employed by Hyun Sung, and he was temporarily dispatched to the United States for the purpose of working at the Kumho Tire's Macon Plant construction project.

20.

The Relator Cho worked at the Kumho's Macon Plant construction site from October, 2015 to December 3, 2015. His employment at the Kumho Tire's Macon Plant was scheduled to last until the end of December 2015, but his employment was terminated earlier than expected due to an injury he sustained while working at the Kumho Tire's Macon Plant.

21.

Relator Cho was hired to work as a construction crew. While working at the Kumho Tire's Macon Plant, the work he performed included construction of a temporary office and foundation work for boiler and pipe installation.

22.

While working at the Kumho Tire's Macon Plant, Relator Cho neither supervised any person nor provided technical advise to any person.

23.

Kumho Tire directly assists it affiliate Sungwon to bring foreign nationals into the United States via the Visa Waiver Program under 8 U.S.C. §1187("VWP") in order to perform work and construct the Macon Plant

24.

According to United States Department of State, the VWP allows citizens of participating countries, such as Republic of Korea, to travel to the United States without obtaining a visa, for stays of 90 days or less for tourism or business.

25.

Individuals who travel to U.S. under the VWP are permitted to engage in limited types of business activities, such as consulting with business associates, attending a scientific, educational, professional, or business convention or conference, attending short-term training, and negotiating a contract.

26.

Ones who travel to U.S. under the VWP are not permitted to obtain local employment or labor for hire.

27.

Generally, foreigners who wish to obtain an employment in the U.S. must obtain the H-1B. The H-1B visa is a non-immigrant visa that allows an employer to temporarily employ a foreign national in a "specialty occupation." A specialty occupation is one that requires a theoretical and practical application of a body of specialized knowledge and attainment of a bachelor's or higher degree or its equivalent in experience for the specific specialty. The application process is highly regulated and requires the submission of a Labor Condition Application that describes the intended occupation; and specific geographical place of employment and certifies i) that the salary of the proposed employee is commensurate with similarly employed United States workers, ii) that the working conditions of the proposed employees will not adversely affect the conditions of workers similarly employed, iii) and that there is not a strike, lockout, or work stoppage at the company. The annual cap for new H-1B visa issuance is 65,000. The base fee for an H-1B application is $325 with an additional $500 Fraud Prevention and Detection fee. Additional fees can include $1,500 for the American

Competitiveness and Workforce Improvement Act fee to fund the training of United States citizens; $2,000 for an application by companies with more than 50 employees in the United States of which more than 50 percent are in H-1B or L-1 status; and $1,125 from an employer for seeking premium processing service.

28.

In connection with arranging travel under the VWP, **Kumho Tire** generated or causes to be generate "invitation letters" stating that certain of **Kumho Tire's** affiliates' or subcontractors' employees will travel to the United States in order to supervise and provide technical advice concerning the Macon Plant project. These "invitation letters" are often submitted to and reviewed by U.S. Consular Officials and other immigration officials, who expect that the information contained in the letters is a complete and accurate representation of the purpose of the trip, in support of the individuals who travel under the VWP into the United States.

29.

To circumvent the requirements, limitations, and governmental oversight of the H-1B visa program, Kumho Tire committed visa fraud by knowingly and unlawfully using VWP for its or its affiliates' employees and the employees of the affiliates' subcontractors to perform skilled labor in order to fill positions in the United States for employment that would otherwise be performed by United States

citizens or by individuals with legitimate H-1B visas. Defendants acted this for the purposes of increasing profits, minimizing costs of securing visas, increasing flexibility of employee movement, obtaining an unfair advantage over competitors, and avoiding tax liabilities.

30.

Kumho Tire also failed to monitor the status of foreign nationals sponsored by Kumho Tire for travel and placement in the United States by failing to maintain accurate I-9 forms and records for each foreign national as required by law.

31.

Specifically, Kumho Tire took, among others, the following actions in furtherance of its unlawful scheme:

(A) As a matter of practice, Kumho Tire submitted "invitation letters" to U.S. Consular Officials that contained materially false representations regarding the true purpose of travelers under the VWP in order to deceive U.S. Consular Officials and/or Customs and Border Protection Officers and secure entry of the travelers under the VWP into the United States. These "invitation letters" often stated that the purpose of travel was to "supervise and provide technical advice" when the true purpose was to engage in activities not authorized under the VWP. An example of such misleading

statement from such invitation letters submitted to U.S. Consular Officials
are as follows:

> - An invitation letter submitted on or about September 29, 2015,
> (Plaintiff's Exhibit B: "Kumho Tire's Invitation Letter), relating to an
> individual known as Joohyun Cho, stated that the purpose of the trip
> was for "*supervise and provide technical advice for the installation of*
> *Stream Line Insulation for the Boiler and Pipe Line in the Utility area*
> *of the plant. This is highly specialized expertise does not exist locally,*
> *which is why he must be present on-site as a supervisor of this*
> *project,*" when, in fact, as known by Kumho Tire, the purpose of the
> trip was to engage in activities not authorized under the VWP, which
> included, constructing boiler foundation as a daily worker, not as a
> supervisor. The employment contract Joohyun Cho signed with Hyun
> Sung for the purpose of working at the Macon's Plaint indicates that
> he is hired as a daily worker and he is to be paid by the day.
> (Plaintiff's Exhibit A: Employment Contract between Joohyun Cho
> and English Translation of said Contract).

(B) Kumho Tire provided or caused to provide instructions to travelers under
the VWP regarding how to deceive U.S. Consular Officials and/or Customs

and Border Protection Officers, including specific direction regarding using certain terminology, such as "supervisor."

(C) Kumho Tire used or caused to use foreign workers who traveled under the VWP to perform jobs that involved skilled labor that were instead required to be performed by United States citizens or required legitimate H-1B visa holders.

(D) Kumho Tire failed or caused to fail to maintain I-9 records for many of its foreign nationals in the United States as required by law, including a widespread failure to update and re-verify the employment authorization status of a large percentage of its foreign national employees. These omissions extended to the following: failing to complete required forms, filling out such forms incompletely, failing to properly maintain identification records, and failing to monitor immigration status. This failure to re-verify the work authorization status of its or its affiliates' employees who were in the United States on VWP created an environment where thousands of employees could be allowed to continue working in the United States past the duration of their work authorization.

32.

Kumho Tire's unlawful scheme is not a single isolated incident. Kumho Tire

systematically aids its affiliates to move foreign workers to United States as the

Relator Joohyun Cho's affidavit shows that he witnessed, while he was working at

the Macon Plan for two months, more than fifty workers at the Kumho Tire's

Macon Plant who traveled to United States under the VWP. (Exhibit C: Relator

Joohyun Cho's Affidavit and English Translation of said Affidavit).

## Claims for Relief

### First Cause of Action

33.

The United States re-alleges and incorporates by reference previous

paragraphs of this Complaint.

34.

The United States further states that Kumho Tire knowingly presented, or

caused to present, to its employees of the United States, false and fraudulent claims

for property or approval, a violation of 31 U.S.C. § 3729(a)(1)(A), as set forth in

paragraph 20(A), above.

### Second Cause of Action

35.

The United States re-alleges and incorporates by reference previous

paragraphs of this Complaint.

36.

The United States further states that Kumho Tire knowingly presented, or
caused to present, to employees of the United States, false and fraudulent claims
for property or approval, a violation of 31 U.S.C. § 3729(a)(1)(A), as set forth in
paragraph 20(B), above.

**Third Cause of Action**

37.

The United States re-alleges and incorporates by reference previous
paragraphs of this Complaint.

38.

The United States further states that Kumho Tire knowingly presented, or
caused to present, to employees of the United States, false and fraudulent claims
for property or approval, a violation of 31 U.S.C. § 3729(a)(1)(A), as set forth in
paragraph 20(C), above.

**Fourth Cause of Action**

39.

The United States re-alleges and incorporates by reference previous
paragraphs of this Complaint.

40.

The United States further states that Kumho Tire unlawfully hired or caused to hire individuals for employment in the United States without complying with certain requirements, namely that Kumho Tire failed or caused to fail to attest, under penalty of perjury, that it updated and re-verified that employees under the VWP continued to be authorized to work, that Kumho Tire failed to verify that the individuals were not unauthorized aliens by examining certain identification documents, that Kumho Tire did not review documents establishing both the employment authorization and the identity of the individuals designated for employment in the United States, and that Kumho Tire failed to verify that the individuals' attestations of employment authorization occurred under the penalty of perjury, a violation of 8 U.S.C. § 1324(a)(1)(B), as set forth in paragraph 20(D), above.

## Prayer for Relief

41.

Based on the foregoing, the United States seeks the following relief:

A. For violations of 31 U.S.C. § 3729(a)(1)(A):

(1) Civil penalties of not less than $5,500 and not more than $11,000 for each false claim that the Court determines Kumho Tire submitted to the United States;

(2) Three times the amount of damages that the Government sustained because of Kumho Tire's conduct;

(3) A preliminary and permanent injunction requiring Kumho Tire to cease use of "invitation letters" that conceal the true nature of a foreign national's visit to the United States;

(4) A preliminary and permanent injunction requiring Kumho Tire to disclose the true destination of a foreign national who enters the United States;

(5) Costs and expenses of litigation; and

(6) Any other relief as the Court deems proper.

42.

For violations of 8 U.S.C. § 1324(a)(1)(B):

(1) Civil penalties in an amount of not less than $110 and not more than $1,100 for each individual with respect to whom such violation occurred, with consideration afforded by the Court to Kumho Tire's size and the seriousness of the offense;

(2) A preliminary and permanent injunction requiring Kumho Tire to comply with proper I-9 recordkeeping;

(3) Costs and expenses of litigation; and

(4) Any other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff-relator hereby demands a trial by

jury.

Dated: May 16, 2016.

Leon and Kim, LLC

By: _____
Brian G Kim
Alabama Bar No. 1288R67G
Georgia. Bar No. 479330

1815 Satellite Blve. Suite 303
Atlanta, GA 30097
Telephone: 678.878.4200
Facsimile:  789.878.4208
E-Mail: Brian@leonandkim.com

## Certificate of Service

The undersigned hereby certifies that a copy of this Complaint and written disclosure of substantially all material evidence and information Relator possesses has been served on the Government as provided in FRCP 4.

Dated: May 16, 2016.

Leon and Kim, LLC

By: _____

Brian G Kim
Alabama Bar No. 1288R67G
Georgia. Bar No. 479330

1815 Satellite Blvd. Suite 303
Atlanta, GA 30097
Telephone: 678.878.4200
Facsimile:  789.878.4208
E-Mail: Brian@leonandkim.com